UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ADMINISTATOR OF THE U.S. SMALL
BUSINESS ADMINISTRATION, *an Agency of
the Government of the United States of America*,

                       Plaintiff,           1:25-cv-01568 (AMN/DJS)

      v.

JANET M. HOFMANN,

                  Defendant.

_____

APPEARANCES:                                   OF COUNSEL:

**MANFREDI LAW GROUP, PLLC**            **JOHN MANFREDI, ESQ.**
302 East 19th Street – Suite 2A
New York, New York 10003
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION & ORDER

### I.     INTRODUCTION

On November 6, 2025, the Administrator of the U.S. Small Business Administration, an agency of the Government of the United States of America ("SBA" or "Plaintiff") commenced this action against Janet M. Hofmann, "John Doe #1-5," and "Jane Doe #1-5," seeking to foreclose on a mortgage ("Mortgage") encumbering the property located at 4066 State Route 7, Schoharie, New York 12157 (the "Subject Property"). Dkt. No. 1. Presently before the Court is Plaintiff's motion for a default judgment of foreclosure and sale under Rule 55(b) of the Federal Rules of Civil Procedure against Janet M. Hofmann ("Defendant").[1] Dkt. No. 6 (the "Motion").

---

[1] Plaintiff voluntarily dismisses the Doe defendants from this proceeding, who are identified as the tenants, occupants, or other persons, if any, having or claiming any estate or interest in possession

For the reasons set forth below, Plaintiff's Motion is denied.

## I.       BACKGROUND

On October 7, 2011, Defendant and John B. Nolte[2] executed and delivered to Plaintiff a promissory note, and thereafter, a modified promissory note ("Note").  Dkt. No. 1 at ¶ 4.  As collateral for securing the Note, as modified, Defendant and Mr. Nolte also executed and delivered a Mortgage in the principal amount of $118,600.  *Id.*  On January 27, 2012, the Mortgage was recorded in the Schoharie County Clerk's Office.  Dkt. No. 6-2 at ¶ 19.  On May 2, 2018, Defendant and Mr. Nolte defaulted on the Note and Mortgage due to non-payment and failed to cure the default.  *Id.* at ¶¶ 23, 25.  As a result of the default, Plaintiff elected to foreclose on Defendant's interest in the Subject Property, which is purportedly vacant and abandoned.  *Id.* at ¶¶ 26-27; *see also* Dkt. No. 6-9 (affidavit of attempted service noting that the home on the Subject Property appears vacant).  According to Plaintiff, there have been no prior proceedings to collect or enforce the Note and Mortgage.  Dkt. No. 6-2 at ¶ 28.

On December 18, 2025, Plaintiff filed the present Motion seeking to foreclose on the Defendant's interest in the Subject Property and recover $155,588.54 in principal and accrued interest as of August 5, 2025, as well as any local taxes, assessments, water rates, insurance premiums, and other charges assessed to the Subject Property.[3]  Dkt. No. 6-13 at ¶¶ 18-19.  To date, Defendant has neither appeared in this action nor responded to any filing.  *See generally* Docket Sheet.

---

upon the Subject Property, or any portion thereof.  Dkt. No. 1 at ¶ 22; Dkt. No. 6-2 at ¶ 41.  Plaintiff has determined that there are no tenants occupying the Subject Property.  Dkt. No. 6-2 at ¶ 41.

[2] John B. Nolte passed away on May 4, 2013, thereby leaving Defendant as the surviving joint tenant of the Subject Property.  Dkt. No. 1 at ¶ 20.

[3] Plaintiff is not seeking to recover any attorneys' fees in connection with this action.  Dkt. No. 1 at ¶ 26.

## II.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  The first step is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* (quoting Fed. R. Civ. P. 55(a)); *see also* N.D.N.Y. L.R. 55.1 (setting forth affidavit requirements).  Entry of a default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis*, 645 F.3d at 128.  The second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011). Entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled[.]" *Mickalis*, 645 F.3d at 128.  A default judgment "ordinarily must be entered by the district judge, rather than by the clerk of court, except in certain circumstances[.]" *Id.*; *see also* N.D.N.Y. L.R. 55.2 (setting forth requirements for requesting a default judgment).

"Before entering a default judgment, the court 'must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law.'" *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (alteration in original) (quoting *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722, 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020)).  Additionally, "[t]here must

3

be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (citations omitted). When evaluating a request for a default judgment, a "district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)).

While a court may enter a default judgment if the requisite standard is satisfied, the Second Circuit has cautioned that default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Because we have 'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . we have characterized a district court's discretion in proceeding under Rule 55 as 'circumscribed.'" *Mickalis*, 645 F.3d at 129 (first quoting *Green*, 420 F.3d at 104; then quoting *Enron*, 10 F.3d at 95; and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)).

## III.    DISCUSSION

### A.  Jurisdiction and Procedural Requirements

The Court first addresses its jurisdiction over this matter. While a "plaintiff has the burden to establish jurisdiction, a federal court has an independent obligation to determine whether subject-matter jurisdiction exists 'even in the absence of a challenge from any party.'" *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330

4

(E.D.N.Y. 2024) (quoting *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))).  Because an agency of the U.S. Government is the plaintiff in this foreclosure action, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345.  *See United States v. Andrews*, No. 19-cv-1595, 2022 WL 1081227, at *1 n.1 (N.D.N.Y. Apr. 11, 2022); *see also Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Richmond Cnty. Pub. Adm'r*, 768 F. Supp. 3d 488, 491 n.2 (E.D.N.Y. 2025).

Next, the Court must assess whether Plaintiff has taken "all the required procedural steps in moving for a default judgment." *Windward Bora*, 2022 WL 875100, at *2 (brackets omitted). Here, the Court finds that Plaintiff has satisfied the relevant procedural requirements for seeking a default judgment.  Plaintiff properly served Defendant by serving the Complaint via personal service. *See* Dkt. No. 3.  On December 10, 2025, Plaintiff properly requested the Clerk's entry of default under Rule 55(a) of the Federal Rules of Civil Procedure, and pursuant to Local Rule 55.1, Plaintiff affirmed that Defendant was properly served, has defaulted in this action, and is not an infant, in the military, or an incompetent person. *See* Dkt. No. 4.  On December 11, 2025, the Clerk entered default against Defendant, *see* Dkt. No. 5, and, on December 18, 2025, Plaintiff moved for a default judgment against Defendant under Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2(b). *See* Dkt. No. 6.  Accordingly, given that the procedural requirements for entry of a default judgment have been met, the Court turns to address liability.

### B.  Liability

"To prevail in a mortgage foreclosure action under New York law, the plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of the [New York Real Property Actions and Proceedings Law ("RPAPL")]." *Blue Castle (Cayman) Ltd. v. Scherer*, No. 24-cv-220, 2025 WL 625150, at *3 (N.D.N.Y. Feb. 26, 2025) (citations omitted).  First, a

lender must establish the following common law elements: "(1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (citations omitted). "A lender must also meet a standing requirement by establishing that 'when the action was commenced, it was either the holder or assignee of the underlying note.'" *Blue Castle*, 2025 WL 625150, at *3 (quoting *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015)).

Here, Plaintiff has alleged standing to bring this action. Plaintiff alleges that it is the owner and holder of the Mortgage and Note, *see* Dkt. No. 1 at ¶ 13, and attaches both the Mortgage and Note to the Complaint. *See* Dkt. Nos. 1-1, 1-2. Plaintiff has also established the common law elements of a mortgage foreclosure action by sufficiently demonstrating that Defendant executed a Note secured by a Mortgage on the Subject Property, and that Defendant subsequently defaulted on that Note. *See* Dkt. No. 1 at ¶¶ 4, 9-11. Thus, Plaintiff has established the common law elements of a mortgage foreclosure claim.

Second, Article 13 of the RPAPL requires lenders to comply with five procedural requirements: "(1) make an 'affirmative allegation' in its complaint that it has 'complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder,' RPAPL § 1302(1)(b); (2) serve a notice, 'Help for Homeowners in Foreclosure,' with the summons and complaint, RPAPL § 1303; (3) send a notice warning of the risk of foreclosure 90 days before initiating foreclosure, RPAPL § 1304; (4) file information with the Superintendent of the New York State Department of Financial Services within three business days of sending the 90-day notice, RPAPL § 1306; (4) serve a summons with a notice that the borrower is in danger of losing the home, RPAPL § 1320; and (5) 'file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of

6

the action,' RPAPL § 1331, along with a copy of the complaint as required by New York Civil Practice Law and Rules [("CPLR")] § 6511(a)." *Blue Castle*, 2025 WL 625150, at \*4. "Though these requirements are sometimes described as procedural, they are substantive in nature and thus must be followed in federal court as well as state court." *Fernandez*, 712 F. Supp. 3d at 333-34 (internal quotation marks and citations omitted). "Courts in this district have denied a motion for a default judgment in a mortgage foreclosure action when a plaintiff failed to satisfy the requirements of Article 13 of the RPAPL." *Wilmington Sav. Fund Soc'y, FSB as Tr. of Aspen Holdings Tr. v. Bernash*, No. 23-cv-485 (AMN/DJS), 2024 WL 1285431, at \*5 (N.D.N.Y. Mar. 26, 2024) (collecting cases). Here, the Court finds that Plaintiff has satisfied two of the five statutory requirements.

First, Plaintiff has established its compliance with Section 1303 of the RPAPL. As relevant here, Section 1303 "requires a plaintiff to serve on defendants a notice containing specific language along with the summons and complaint." *Freedom Mortg. Corp. v. Petriello*, No. 22-cv-7310, 2025 WL 1726320, at \*8 (E.D.N.Y. June 20, 2025) (citing RPAPL § 1303(3)). "The notice must 'be in bold, fourteen-point type,' have its title 'in bold, twenty-point type,' 'be on its own page,' and 'be printed on colored paper that is other than the color of the summons and complaint.'" *Id.* (quoting RPAPL § 1303(2)). Here, Plaintiff's process server affirmed that the Section 1303 notice was served with the Summons and Complaint and that the notice was "in bold fourteen-point type," "printed on colored paper" that was not the same color as the Summons or Complaint, with a title that was "in bold twenty-point type." *See* Dkt. No. 6-14. "[W]hen the process server files an affidavit stating that the documents he served complied with the statutory requirements, as the server did in this case, the mortgagor does not also have to submit the documents themselves to establish *prima facie* compliance with [Section] 1303." *Wilmington PT Corp. v. Gray*, No. 19-cv-

7

1675, 2025 WL 857979, at *6 n.4 (E.D.N.Y. Mar. 19, 2025). Accordingly, Plaintiff has demonstrated its compliance with Section 1303 of the RPAPL.

Second, Plaintiff has established that it complied with the ninety-day notice requirement pursuant to Section 1304 of the RPAPL. "RPAPL § 1304(1) requires that, 'with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower.'" *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting RPAPL § 1304(1)). "Section 1304(2) specifies that this notice must be sent 'by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage.'" *Id.* (quoting RPAPL § 1304(2)). Here, Plaintiff declares that the ninety-day notice was mailed to Defendant via first class and certified mail tracking on August 6, 2025, ninety days before Plaintiff commenced this action. Dkt. No. 1 at ¶ 16. Plaintiff also attached copies of the ninety-day notices and the certified mail receipts, which indicate that the notices were mailed to Defendant's last known address as well as the address of the Subject Property. *See* Dkt. No. 1-3. Thus, Plaintiff has demonstrated its compliance with Section 1304 of the RPAPL.

However, Plaintiff has failed to establish that it complied with Section 1302(1)(b) of the RPAPL. "RPAPL § 1302(1)(b) requires 'any complaint served in a proceeding initiated on a residential mortgage covering a one to four family dwelling to contain an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with all of the provisions of section five hundred ninety-five-a of the bank law and any rules and regulations promulgated thereunder and section thirteen hundred four of this article.'" *Deutsche Bank Nat'l Tr. Co. as Tr.*

*for GSAA Home Equity Tr. 2007-5, Asset-Backed Certificates, Series 2007-5 v. Shewtahal*, No. 24-cv-7892, 2025 WL 2402824, at *4 (E.D.N.Y. Aug. 19, 2025) (quoting RPAPL § 1302(1)(b)) (alterations omitted).  The Complaint fails to make such an allegation and accordingly does not comply with Section 1302(1)(b).  "This is a sufficient basis to deny a motion for default judgment seeking foreclosure and sale."  *Blue Castle*, 2025 WL 625150, at *4 (citing *Bernash*, 2024 WL 1285431, at *5).

Additionally, Plaintiff has not submitted proof that it filed the information required by Section 1306 of the RPAPL with the New York State Department of Financial Services within three days of filing the ninety-day notice.  The Section 1306 filing must include, among other information, "the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage."  *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 117 (2d Cir. 2021) (citing RPAPL § 1306(2)).  "A proof of filing statement from the New York State Department of Financial Services is sufficient to establish that a plaintiff filed with the superintendent," *see Wilmington PT Corp.*, 2025 WL 857979, at *8 (internal quotation marks and citations omitted), "though, 'the amount claimed as due and owing on the mortgage' must be included in the filing." *Avail 1 LLC v. Lemme*, No. 23-cv-1527, 2024 WL 4566273, at *3 (N.D.N.Y. Oct. 24, 2024) (quoting RPAPL § 1306(2)).  Here, Plaintiff has not submitted proof of a filing statement.  "Compliance with [Section] 1306 is a 'precondition of a foreclosure action.'" *Wilmington PT Corp.*, 2025 WL 857979, at *8 (quoting *CIT Bank*, 948 F.3d at 535).  In the absence of evidence establishing that Plaintiff filed the necessary documentation within three business days of mailing the Section 1304 notices, Plaintiff has failed to establish its compliance with Section 1306.

Moreover, "[f]or actions to foreclose mortgages on residential properties with less than four units, section 1320 of the RPAPL requires service of a special summons that, in addition 'to the usual requirements applicable to a summons in the court,' contains a notice entitled, 'NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME.'" *PHH Mortg. Corp. v. Rossi*, No. 25-cv-948, 2026 WL 1162605, at *2 n.6 (N.D.N.Y. Apr. 29, 2026) (quoting RPAPL § 1320). Plaintiff must serve a Section 1320 notice to Defendant, along with the Summons and Complaint. *Avail 1 LLC v. Lemme*, No. 23-cv-1527, 2025 WL 2144693, at *2 (N.D.N.Y. July 29, 2025). Compliance with Section 1320 of the RPAPL "is a mandatory requirement in mortgage foreclosure actions." *Green Mountain Holdings (Cayman) LTD v. McEachern*, No. 22-cv-858, 2024 WL 748672, at *6 (E.D.N.Y. Feb. 23, 2024) (citations omitted). Plaintiff's moving papers do not include a copy of the Section 1320 notice, nor does the affidavit of service affirm that the Section 1320 notice was served upon Plaintiff along with the Summons and Complaint. Thus, Plaintiff has failed to establish its compliance with Section 1320. *See, e.g.*, *United States v. Knapp*, No. 19-cv-1338, 2022 WL 2828994, at *5 (N.D.N.Y. July 20, 2022) (denying motion for default judgment without prejudice, in part, because plaintiff did not provide a copy of the summons containing the requisite Section 1320 notice); *Phh Mortg. Corp. v. Wilson*, No. 25-cv-876, 2026 WL 1694482, at *5 (N.D.N.Y. June 11, 2026) (finding that plaintiff has not shown compliance with Section 1320 where the summonses issued did not contain the Section 1320 language and the affidavits of service did not indicate that defendants were served with the Section 1320 notice).

Lastly, Plaintiff has not demonstrated its compliance with Section 1331 of the RPAPL and Section 6511(a) of the CPLR by attaching a copy of the Complaint with the notice of pendency. "Failure to file the complaint with a notice of pendency renders the notice of pendency defective." *Freedom Mortg. Corp. v. Abass*, No. 22-cv-5577, 2024 WL 1531096, at *5 (E.D.N.Y. Feb. 22,

10

2024) (quoting *Fernandez*, 712 F. Supp. 3d at 335 and citing *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 710 (W.D.N.Y. 2018)).  While Plaintiff submitted an attorney declaration stating that it filed a notice of pendency with the Schoharie County Clerk on November 10, 2025, *see* Dkt. No. 6-2 at ¶ 14, the attorney declaration does not state that Plaintiff attached a copy of the Complaint to the notice of pendency.  Plaintiff also did not attach a copy of the Complaint to the notice of pendency submitted in support of Plaintiff's Motion.  *See* Dkt. No. 6-13 at 66-68.  The only document attached to the notice of pendency is the legal description of the Subject Property.  *See id.* at 68.  Plaintiff has also not shown that it already filed the Complaint with the Schoharie County Clerk's Office.  *See* CPLR § 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency.").  As such, Plaintiff's failure to submit proof that it filed a notice of pendency and copy of the Complaint with the Schoharie County Clerk "is a separate, independent reason why the Court must deny [Plaintiff's] motion for a default judgment."  *Fernandez*, 712 F. Supp. 3d at 335; *see, e.g.*, *Ditech Fin. LLC v. Sterly*, No. 15-cv-1455, 2016 WL 7429439, at *4-5 (N.D.N.Y. Dec. 23, 2016) (denying motion for default judgment without prejudice where plaintiff "provided no proof that the complaint was filed with the notice of pendency"); *Nationstar Mortg.*, 315 F. Supp. 3d at 710 (denying motion for default judgment without prejudice where "nothing in the record support[ed] [plaintiff's] counsel's assertion that [p]laintiff . . . fil[ed] the complaint with the notice of pendency").

Because Plaintiff has failed to comply with certain of the statutory requirements pursuant to Article 13 of the RPAPL and CPLR § 6511(a), the Court cannot find that Plaintiff has met all of the requirements to establish liability for purposes of its Motion.  Accordingly, Plaintiff's Motion is denied without prejudice.

## IV.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment, Dkt. No. 6, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file its amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 23, 2026
        Albany, New York

Anne M. Nardacci
U.S. District Judge

12